**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ERNEST CLARK SELF,
Petitioner-Appellant,

v.                                                                No. 98-6667

UNITED STATES OF AMERICA,
Respondent-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, Chief District Judge.
(CA-98-47)

Submitted: November 24, 1998

Decided: February 16, 1999

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Ernest Clark Self, Appellant Pro Se. Kenneth Davis Bell, OFFICE OF
THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ernest Self appeals from a district court order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2241 (1994). Self's motion arose out of his contention that the reduction of his sentence to 36 months pursuant to the Government's substantial assistance motion resulted in over service of his sentence by 15 months, because he had already served 51 months by the time federal officials released him to South Carolina officials for service of a state sentence in June 1996. The district court found no over service based on its determination that Self was in state custody from March 1992 to August 1994, a period for which Self claims federal custody. We find that the record does not support the district court's factual determination, and therefore remand for further consideration of Self's request for credit against his term of supervised release.

The record discloses that Self was taken into federal custody on March 3, 1992, pursuant to his arrest by federal officials on a federal drug charge, and placed in a county jail in North Carolina pending prosecution of the federal charge. For approximately the next two years, federal prosecution was continued on multiple occasions for various reasons, but mostly because Self was part of a large conspiracy and the Government desired to try all defendants together. In September 1993, federal officials temporarily turned custody of Self over to South Carolina officials so that he might face pending state charges pursuant to the Writ of Habeas Corpus Ad Prosequendum, but Self was convicted on the state charges and apparently returned to federal custody in October 1993.

Critically, the district court believed that Self was in state custody during the disputed period, and appeared in federal court pursuant to a Writ of Habeas Corpus Ad Prosequendum to face federal charges. The record, however, indicates that it was the federal rather than state government that lent out custody of Self for trial by a different sovereign. Self is entitled to credit toward his federal sentence for any time spent in official detention prior to the date his sentence commenced if the detention resulted from the offense for which the sentence was imposed. See 18 U.S.C. § 3585(b)(1) (1994). The record suggests that

2

Self was imprisoned from March 3, 1992 to June 1996 pursuant to a single federal charge. If that is the case, this entire period counts toward his federal sentence.

Accordingly, the order of the district court is vacated and the case is remanded for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

3